# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUMBERTO FIGUEROA-GUIZAR, | Case No.: 1:17-cv-00504-DAD-JLT (HC) |
| Petitioner, | FINDINGS AND RECOMMENDATIONS TO GRANT RESPONDENT'S MOTION TO DISMISS |
| v. | [Doc. 18] |
| KEETON, Warden, | [TWENTY-ONE DAY OBJECTION PERIOD] |
| Respondent. | |

Respondent contends that the petition violates the statute of limitations. The Court agrees and will therefore recommend that Respondent's motion to dismiss be granted and the petition be dismissed with prejudice.

## DISCUSSION

I.    Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to

evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default). Thus, a respondent can file a motion to dismiss after the court orders a response, and the court should use Rule 4 standards to review the motion.

In this case, Respondent's motion to dismiss is based on a violation of 28 U.S.C. 2244(d)(1)'s one year limitation period. Because Respondent's motion to dismiss is similar in procedural standing to a motion to dismiss for failure to exhaust state remedies or for state procedural default and Respondent has not yet filed a formal answer, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

II.     Limitation Period For Filing Petition For Writ Of Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997). The instant petition was filed on March 15, 2017,[1] and thus, it is subject to the provisions of the AEDPA.

The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). In most cases, the limitation period begins running on the date that the petitioner's direct review became final. Here, the Kern County Superior Court sentenced Petitioner on June 12, 2014, and Petitioner did not file an appeal. (LD[2] 1.) Therefore, direct review concluded on August 11, 2014, when the sixty day period for filing an appeal expired. Stancle v. Clay, 692 F.3d 948, 951 (9th Cir. 2012). The statute of limitations commenced on the following day, August 12, 2014. Absent applicable tolling, the last day to file a federal habeas petition was August 11, 2015.

---

[1] Under the mailbox rule, a petitioner's pleading is deemed filed on the date of its submission to prison authorities for mailing, as opposed to the actual date of its receipt by the court clerk. Houston v. Lack, 487 U.S. 166, 276 (1988). Accordingly, for all of Petitioner's state petitions and for the instant federal petition, the Court will consider the date of signing of the petition (or the date of signing of the proof of service if no signature appears on the petition) as the earliest possible filing date and the operative date of filing under the mailbox rule for calculating the running of the statute of limitation.

[2] "LD" refers to the documents lodged by Respondent with his motion.

2

III.   Statutory Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

Under the AEDPA, the statute of limitations is tolled during the time that a properly filed application for state post-conviction or other collateral review is pending in state court. 28 U.S.C. § 2244(d)(2). A properly filed application is one that complies with the applicable laws and rules governing filings, including the form of the application and time limitations. Artuz v. Bennett, 531 U.S. 4, 8 (2000). An application is pending during the time that 'a California petitioner completes a full round of [state] collateral review," so long as there is no unreasonable delay in the intervals between a lower court decision and the filing of a petition in a higher court. Delhomme v. Ramirez, 340 F. 3d 817, 819 (9th Cir. 2003), *abrogated on other grounds as recognized by* Waldrip v. Hall, 548 F. 3d 729 (9th Cir. 2008) (*per curiam*); see Evans v. Chavis, 546 U.S. 189, 193-194 (2006); Carey v. Saffold, 536 U.S. 214, 220, 222-226 (2002); Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).

The parties do not contest that Petitioner filed four state habeas petitions, as follows:

**First Petition:**
May 17, 2016: Petition for writ of habeas corpus filed in the Kern County Superior Court.
August 20, 2016: Petition denied.

**Second Petition**:
September 7, 2016: Petition for writ of habeas corpus filed in the California Court of Appeal.
September 22, 2016: Petition denied.

**Third Petition:**
October 6, 2016: Petition for writ of habeas corpus filed in the California Court of Appeal.
October 27, 2016: Petition denied.

**Fourth Petition:**
December 9, 2016: Petition for writ of habeas corpus filed in the California Supreme Court.
February 1, 2017: Petition denied.

(LD 2-9.)

At the time the first petition was filed, the limitations period had already expired. Therefore, the state petitions did not operate to toll the statute of limitations and the petition remains untimely. Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003); Jiminez v. Rice, 276 F.3d 478 (9th Cir. 2001); Green v. White, 223 F.3d 1001, 1003 (9th Cir. 2000).

IV.   Equitable Tolling

The running of the one-year limitation period under 28 U.S.C. § 2244(d) is subject to equitable tolling in appropriate cases. See Holland v. Florida, 560 U.S. 631, 651-652 (2010); Calderon v. United

States Dist. Ct., 128 F.3d 1283, 1289 (9th Cir. 1997). Equitable tolling may be granted when "extraordinary circumstances beyond a prisoner's control make it impossible to file the petition on time." Shannon v. Newland, 410 F. 3d 1083, 1089-1090 (9th Cir. 2005) (internal quotation marks and citations omitted). "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Holland, 560 U.S. at 651-652; Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). "[T]he threshold necessary to trigger equitable tolling under AEDPA is very high, lest the exceptions swallow the rule." Miranda v. Castro, 292 F. 3d 1062, 1066 (9th Cir. 2002)(citation omitted). As a consequence, "equitable tolling is unavailable in most cases." Miles, 187 F. 3d at 1107.

In his opposition, Petitioner offers several reasons why his petition should be deemed timely. He argues that he should not be barred because he can raise sentencing errors at any time. He contends that the state courts erred by procedurally barring his claims instead of considering the merits. Last, he claims he is a "Spanish-speaking prisoner," ignorant of the law, and illiterate.

Petitioner's claim that he can raise sentencing issues at any time is meritless. He does not cite to any federal authority; rather, he presents only state law arguments. Federal law governs whether a petition is timely, not state law.

Petitioner also argues that the state courts erred by procedurally barring his claims. Petitioner is incorrect. The state courts rejected his claims on the merits. In any case, this was of no consequence since the limitations period had expired nine months before he filed his first state petition.

Petitioner complains that he is a Spanish-speaking inmate who is ignorant of the law and illiterate. A petitioner's claims of ignorance of the law, lack of education, or illiteracy are normally not grounds for equitable tolling. Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006); see, e.g., Hughes v. Idaho State Bd. of Corrections, 800 F.2d 905, 909 (9th Cir.1986) (pro se prisoner's illiteracy and lack of knowledge of law unfortunate but insufficient to establish cause); Fisher v. Johnson, 174

4

F.3d 710 (5th Cir. 1999); Rose v. Dole, 945 F.2d 1331, 1335 (6th Cir.1991). Petitioner fails to show how these circumstances were extraordinary or how they prevented him from timely pursuing relief. As to his claim of illiteracy, he fails to show that he was unable to procure legal materials in his native language or translation assistance, despite diligent efforts. Mendoza v. Carey, 449 F.3d 1065, 1069-71 (9th Cir. 2006). Further, as noted by Respondent, Petitioner's claim is belied by the fact that he timely pursued four state court petitions, and he has litigated the instant matter with no apparent difficulty. This leads the Court to conclude that Petitioner failed to timely file the instant federal petition due to his own lack of diligence.

**RECOMMENDATION**

Accordingly, the Court RECOMMENDS that the motion to dismiss be GRANTED and the habeas corpus petition be DISMISSED WITH PREJUDICE for Petitioner's failure to comply with 28 U.S.C. § 2244(d)'s one year limitation period.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty-one days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within ten court days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **October 24, 2017**           **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE

5