UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUMBERTO FIGUEROA-GUIZAR,<br><br>Petitioner,<br><br>v.<br><br>KEETON,<br><br>Respondent. | No. 1:17-cv-00504-DAD-JLT<br><br>ORDER DECLINING TO ADOPT FINDINGS AND RECOMMENDATIONS AND REFERRING BACK TO THE ASSIGNED MAGISTRATE JUDGE<br><br>(Doc. No. 25) |

Petitioner is a state prisoner proceeding *in propria persona* with a petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(C) and Local Rule 302.

On October 25, 2017, the magistrate judge assigned to the case issued findings and recommendations recommending that respondent's motion to dismiss the pending petition as untimely be granted. (Doc. Nos. 18, 25.) These findings and recommendations were served upon all parties and contained notice that any objections thereto were to be filed within twenty-one days from the date of service. On November 20, 2017, petitioner filed objections to the findings and recommendations. (Doc. No. 26.) Respondent did not file a reply.

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C), the undersigned has conducted a *de novo* review of the case. Having carefully reviewed the entire file, including petitioner's objections, the court concludes that this matter should be referred back to the assigned

1

magistrate judge for further consideration.

As the magistrate judge correctly noted in the findings and recommendations, the Ninth Circuit has held that, "a non-English-speaking petitioner seeking equitable tolling must, at a minimum, demonstrate that during the running of the AEDPA time limitation, he was unable, despite diligent efforts, to procure either legal materials in his own language or translation assistance from an inmate, library personnel, or other source." *Mendoza v. Carey*, 449 F.3d 1065, 1070 (9th Cir. 2006); *see also Yow Ming Yeh v. Martel*, 751 F.3d 1075, 1078 (9th Cir. 2014). The burden is on the petitioner to demonstrate that equitable tolling is appropriate. *Espinoza-Matthews v. California*, 432 F.3d 1021, 1026 (9th Cir. 2005). The existence of grounds for equitable tolling must be established by evidence. *See Whalem/Hunt v. Early*, 233 F.3d 1146, 1148 (9th Cir. 2000) (noting "whether there are grounds for equitable tolling [is] highly fact-dependent").

Petitioner has stated in his objections to the findings and recommendations that he is unable to read, write, or speak English, that the prison at which he has been incarcerated had no Spanish-speaking clerks, that the law library has no materials available to inmates in Spanish, and that there were no inmates available to help him translate legal materials into Spanish. (Doc. No. 26 at 5–7.) According to petitioner, the first time he was able to file any documents in connection with his application for habeas relief was after another inmate, William J. Long, noticed that he needed help in the prison library and offered to assist him. (*Id.* at 6.) Petitioner attempts to present these facts to the court in a sworn declaration.[1] (*Id.* at 7.) Even taken as true, these averments do not establish on their own that petitioner is entitled to equitable tolling of the applicable statute of limitations. Importantly, they do not address when petitioner first arrived at

---

[1] In the context of seeking to establish equitable tolling, courts have accepted sworn or verified complaints as evidence. *See Laws v. Lamarque*, 351 F.3d 919, 924 (9th Cir. 2003). Courts have frequently required verified complaints to be sworn under penalty of perjury in order to be entered as evidence. *See, e.g.*, *Kirby v. Ryan*, No. 16-01053-PHX-ROS (MHB), 2017 WL 6883772, at *2 n.3 (D. Ariz. Oct. 31, 2017); *Klian v. Crawford*, No. CV 12-02373 MMM (JEMx), 2012 WL 12878721, at *2 n.30 (C.D. Cal. June 6, 2012). Plaintiff's objections are sworn to, but not under penalty of perjury. (Doc. No. 26 at 7.) It is unclear whether petitioner's sworn to objections are sufficient to satisfy his burden in this regard.

the prison at which he is now incarcerated or when inmate Long first began assisting him[2], which are considerations relevant to the issue of equitable tolling. However, the information set forth by the petitioner for the first time in the objections was not presented to the assigned magistrate judge at the time the findings and recommendations were issued. Moreover, the undersigned concludes that these assertions are sufficient to warrant granting petitioner the opportunity for further factual development with respect to the issue of equitable tolling.

The undersigned will therefore decline to adopt the findings and recommendations and instead will refer the matter back to the magistrate judge for further factual development as to whether petitioner's language barrier warrants equitable tolling in this instance. However, petitioner is cautioned that he must provide any and all evidence he possesses concerning his entitlement to equitable tolling[3] to the magistrate judge prior to the issuance of subsequent findings and recommendations addressing respondent's motion to dismiss. If he fails to do so, the court is unlikely to exercise its discretion in a similar manner again. *United States v. Howell*, 231 F.3d 615, 621 (9th Cir. 2000) ("[A] district court has discretion, but is not required, to consider evidence presented for the first time in a party's objection to a magistrate judge's recommendation."); *see also Akhtar v. Mesa*, 698 F.3d 1202, 1208 (9th Cir. 2012).

For these reasons:

1. The court declines to adopt the findings and recommendations issued October 25, 2017 (Doc. No. 25); and

/////

/////

/////

---

[2] Evidence addressing this question may well be dispositive of the issue. *See Mendoza*, 449 F.3d at 1070; *Zamudio v. Cate*, No. 12-CV-703-BEN (MDD), 2014 WL 2624789, at *7 (S.D. Cal. June 12, 2014).

[3] That is, all evidence that he was unable, despite diligent efforts, to procure either legal materials in his own language or translation assistance from an inmate, library personnel, or other source, prior to the expiration of the statute of limitations for seeking federal habeas relief. *See Mendoza*, 449 F.3d at 1070.

2. The matter is referred back to the assigned magistrate judge for further evidentiary development concerning the availability of equitable tolling based on petitioner's language barriers.

IT IS SO ORDERED.

Dated: __**February 7, 2018**__

_____
UNITED STATES DISTRICT JUDGE