# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUMBERTO FIGUEROA-GUIZAR, | Case No.: 1:17-cv-00504-DAD-JLT (HC) |
| Petitioner, | ORDER GRANTING PETITIONER LEAVE TO PROVIDE EVIDENCE CONCERNING ENTITLEMENT TO EQUITABLE TOLLING |
| v. | |
| KEETON, Warden, | [THIRTY-DAY DEADLINE] |
| Respondent. | |

On October 25, 2017, the Court issued Findings and Recommendations to grant Respondent's motion to dismiss the petition for violating the statute of limitations. Petitioner filed objections on November 20, 2017, and Respondent did not file a reply. On February 8, 2018, in light of Petitioner's objections, the District Judge declined to adopt the Findings and Recommendations and referred the matter back for further factual development concerning equitable tolling.

The District Judge noted that Petitioner had stated in his objections that he is unable to read, write, or speak English, that the prison at which he has been incarcerated had no Spanish-speaking clerks, that the law library has no materials available to inmates in Spanish, and that there were no inmates available to help him translate legal materials into Spanish. (Doc. 26 at 5-7.) Petitioner stated it was only after another inmate, William J. Long, noticed that he needed help in the prison library and offered to assist him that he was able to file any documents in connection with his application for writ

1

of habeas corpus. (Doc. 26 at 6.) The District Judge found that these facts alone did not establish sufficient grounds to grant equitable tolling. See Mendoza v. Carey, 449 F.3d 1065, 1070 (9th Cir. 2006) ("a non-English-speaking petitioner seeking equitable tolling must, at a minimum, demonstrate that during the running of the AEDPA time limitation, he was unable, despite diligent efforts, to procure either legal materials in his own language or translation assistance from an inmate, library personnel, or other source"). However, the District Judge noted that these facts had not been presented before the issuance of the Findings and Recommendations. The District Judge found that Petitioner's assertions merited granting him an opportunity to further develop the facts with respect to the issue of equitable tolling. Therefore, the matter was referred back to grant Petitioner an opportunity to provide evidence demonstrating entitlement to equitable tolling.

Consistent with the District Judge's order, the Court will grant Petitioner an opportunity to submit any and all evidence in his possession in order to show his language barrier entitles him to equitable tolling. Specifically, he is directed to the relevant time period of August 12, 2014 (the commencement of the limitations period), to May 17, 2016 (the date of filing of the first state habeas petition). It is Petitioner's burden to demonstrate entitlement to equitable tolling. Espinoza-Matthews v. California, 432 F.3d 1021, 1026 (9th Cir. 2005). Respondent will be granted an opportunity to oppose Petitioner's claim for equitable tolling.

**ORDER**

Accordingly, the Court **ORDERS**:

1) Petitioner is GRANTED thirty days from the date of service of this Order to submit any and all evidence concerning his entitlement to equitable tolling; and
2) Respondent is GRANTED twenty-one days from the date of service of Petitioner's filing to file an opposition to Petitioner's submission, if any.

IT IS SO ORDERED.

Dated: __April 3, 2018__          __/s/ Jennifer L. Thurston__
UNITED STATES MAGISTRATE JUDGE

2