UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUMBERTO FIGUEROA-GUIZAR,<br><br>Petitioner,<br><br>v.<br><br>KEETON, Warden,<br><br>Respondent. | No. 17-cv-00504-DAD-SKO<br><br>**FINDINGS AND RECOMMENDATION TO DENY PETITION FOR WRIT OF HABEAS CORPUS**<br><br>**(Doc. 1)** |

Petitioner, Humberto Figueroa-Guizar, is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. §2254. The Court referred the matter to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rules 302 and 304.

On March 27, 2017, Petitioner filed his petition for writ of habeas corpus before this Court. Respondent moved to dismiss the petition as untimely on August 7, 2017. Petitioner filed an opposition to the motion to dismiss on October 13, 2017, and Respondent filed a reply to the opposition on October 20, 2017.

On October 25, 2017, United States Magistrate Judge Jennifer L. Thurston filed Findings and Recommendations, in which she recommended Respondent's motion to dismiss be granted,

because Petitioner failed to comply with 19 U.S.C. § 2244(d)'s one year limitations period. (Doc. 25 at 5.) On November 20, 2017, Petitioner filed objections to the Findings and Recommendations in which he stated he is unable to read, write, or speak English, the prison at which he is incarcerated has no Spanish-speaking clerks, the law library contains no materials for Spanish-speaking inmates, and there were no inmates available to help him translate materials into Spanish. (Doc. 26 at 5-7.) Petitioner maintained that he was not able to file documents for his application for habeas relief until another inmate, William J. Long, noticed that he needed help in the prison library and offered to assist him. *Id*. at 6. Based on these assertions, Petitioner asked the Court for equitable tolling to excuse his failure to timely file his petition for writ of habeas corpus.

On February 8, 2018, United States District Judge Dale A. Drozd declined to adopt the Findings and Recommendations. (Doc. 29.) Judge Drozd noted that Petitioner's claims in his objections alone did not establish sufficient grounds to grant equitable tolling. *Id*. at 2 (citing *Mendoza v. Carey*, 449 F.3d 1065, 1070 (9th Cir. 2006) ("a non-English speaking petitioner seeking equitable tolling must, at a minimum, demonstrate that during the running of the AEDPA time limitation, he was unable, despite diligent efforts, to procure either legal materials in his own language or translation assistance from an inmate, library personnel, or other source.")). However, Judge Drozd noted that these claims had not been presented to the Court prior the issuance of the Findings and Recommendations and found that Petitioner's claims merited granting him an opportunity to further develop facts with respect to equitable tolling. *Id*. at 2-3. Judge Drozd declined to adopt the Findings and Recommendations and referred the matter back to the Magistrate Judge for further factual development concerning equitable tolling. *Id*. at 3-4.

On April 3, 2018, Judge Thurston granted Petitioner 30 days leave to provide evidence concerning whether Petitioner is entitled to equitable tolling. (Doc. 30.) Although 30 days have

passed, Petitioner has not filed any evidence of equitable tolling with the Court. Based on the foregoing, the undersigned recommends that the Court dismiss the petition for writ of habeas corpus with prejudice.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C § 636(b)(1). Within **thirty (30) days** after being served with these Findings and Recommendations, either party may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections, if any, shall be served and filed within **fourteen (14) days** after service of the objections. The parties are advised that failure to file objections within the specified time may constitute waiver of the right to appeal the District Court's order. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __**May 8, 2018**__     /s/ *Sheila K. Oberto*
                                               UNITED STATES MAGISTRATE JUDGE